UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALIANA EL SAYED,
*Individually and on behalf of all others similarly situated*

    Plaintiff,

v.

                              CASE NO. 8:25-cv-00847-SDM-CPT

NATUROPATHICA HOLISTIC HEALTH, INC., et al,

    DEFENDANTS.
_____/

## **ORDER**

    Alleging violations of the Telephone Consumer Protection Act (TCPA), Aliana El Sayed, in a prospective class action, sues (Doc. 9) Naturopathica Holistic Health, Inc., and Naturopathica's CEO, Catherine M. O'Brien. The defendants move (Doc. 13) to dismiss and El Sayed responds. (Doc 14)

    Naturopathica sent to El Sayed a promotional text message to which El Sayed responded "STOP" on February 1, 2022. (Doc. 9 at ¶ 9) Despite receiving an automated response ("You are now unsubscribed from all Naturopathica SMS marketing messages and will receive no further messages."), El Sayed received an additional promotional text message from Naturopathica on April 23, 2023, and another on April 30, 2023. (Doc. 9 at ¶ 10) When El Sayed received each text message, her number was on the "National Do-Not-Call Registry." (Doc. 9 at ¶ 10)

El Sayed sues under the TCPA, which provides a "private right of action" for a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(d). Relying on a 2003 "Order" issued by the Federal Communications Commission, El Sayed argues that paragraph 227(c)(5) of the TCPA, although textually limited to "telephone call[s]," includes text messages. *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 (The TCPA "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls.").

Contrary to El Sayed's contention that a natural reading of the term "telephone call" includes a "text message," "it is only though the rulemaking authority of the FCC that the voice call provisions of the TCPA have been extended to text messages." *Salcedo v. Hanna*, 936 F.3d 1162, 1169 (11th Cir. 2019), *abrogated on other grounds by Drazen v, Pinto*, 74 F.4th 1336 (11th Cir. 2023). However, a "District Court is not bound by the FCC's interpretation of the TCPA." *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 168 (2025). Rather, "a district court must independently determine for itself whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation." *McLaughlin Chiropractic*, 606 U.S. at 155 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024)).

"In interpreting a statute, we start with the plain language of the provisions to be interpreted." *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1303 (11th Cir. 2008). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42. "The canons of construction often play a prominent role in that endeavor, serving as useful tools to discern that ordinary meaning." *Heyman v. Cooper*, 31 F.4th 1315, 1319 (11th Cir. 2022) (cleaned up). "But if the text is clear, the analysis begins and ends there." *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1 (Winser, J.) (N.D.Fla., 2025) (citing *Young v. Grand Canyon Univ., Inc.*, 980 F.3d 814, 818 (11th Cir. 2020)).

Although some judges differ, I agree with and adopt Judge Winser's opinion that "the statutory text here is clear, and a text message is not a 'telephone call.'" *Davis*, 2025 WL 2491195 at *1. In addition to the fact that in common American English usage, a "telephone call" and a "text message" are separate and distinct forms of communication, the term "text message" appears elsewhere in the TCPA and related amendments, an appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction. *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P, § 503(a) (codified at 47 U.S.C. §§ 227(e)(8)(A)–(B)) (distinguishing between "a call made using a voice service" and "a text message sent using a text messaging service"). "[W]hen Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." *Fernandez v. Seaboard Marine Ltd.*, 135 F.4th 939, 958 (11th Cir. 2025) (citing *Pulsifer v. United States*, 601 U.S. 124, 149

(2024)). The omission of "text message" from paragraph 227(c)(5) confirms that the provision applies only to a "telephone call."

Also, El Sayed fails to adequately plead O'Brien's personal liability. "[P]ersonal liability of an officer under the TCPA should be the exception rather than the rule." *Appelbaum v. Rickenbacker Grp., Inc.*, 2013 WL 12121104, at *3 (Ryskamp, J.) (S.D. Fla. 2013). As CEO of Naturopathica, O'Brien "is not liable unless [s]he committed, directly participated in, or otherwise authorized the commission of wrongful acts within the scope of [her] employment." *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 WL 1283885, at *4 (Scola, J.) (S.D. Fla. 2013). "Some showing of intentional misconduct or gross failure to implement policies that comply with the TCPA should be required." *Appelbaum*, 2013 WL 12121104, at *3. The complaint alleges only that O'Brien "personally participated in and/or directed and authorized" the text messages (Doc. 1 at ¶ 21); but "mere conclusory statements" cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The defendants' motion to dismiss is **GRANTED**. No later than **NOVEMBER 14, 2025**, El Sayed may amend the complaint.

- 5 -

    El Sayed is reminded that all papers must comply with the Local Rules of the Middle District of Florida, https://www.flmd.uscourts.gov/local-rules, including Rule 1.08. Failure to comply with the Local Rules will result in an order striking a non-compliant paper.

    ORDERED in Tampa, Florida, on October 24, 2025.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE